UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY JACKSON,

        Plaintiff,

                                            Case No. 2:06-cv-04

v.                                          HON. GORDON J. QUIST

PATRICIA L. CARUSO, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gary Jackson, an inmate at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Michigan Department of Corrections Director Patricia L. Caruso, Standish Maximum Correctional Facility (SMF) Warden Thomas Birkett, Baraga Maximum Correctional Facility (AMF) Warden Tim Luoma, SMF librarian Raddatz, AMF librarian Joseph Bouchard, AMF assistant librarian Aho. Plaintiff alleges that defendants violated his right to access the courts. Plaintiff alleges that he was denied the assistance of a legal writer, indigent copies and law library time. Plaintiff alleges that the Michigan Court of Appeals denied a motion for leave to appeal because defendants violated his right to access the courts. On December 29, 2003, plaintiff was informed that his submission to the Michigan Court of Appeals was defective because he failed to present five copies of his application, five copies of a statement of facts explaining his delay in filing an appeal, proof of service, and failure to conform to briefing requirements because his submission exceeded 50 pages. Plaintiff was informed that he needed to file a new pleading because he exceeded the 50 page limit, four additional copies of the

June 20, 2003, register of actions, four additional copies of the appendices, and an additional copy of the order appealed. On February 6, 2004, plaintiff's application was dismissed without prejudice. The Michigan Court of Appeals explained:

> The delayed application for leave to appeal is DISMISSED for failure to pursue the case in conformity with the rules. MCR 7.201(B)(3) and 7.216(A)(10). This Court provided notice regarding the nature of the defects in this filing, and the defects were not corrected in a timely manner by providing this Court with five copies of a delayed application for leave to appeal, which may not be longer than 50 pages, conforming to MCR 7.212(C), four additional copies of the circuit court's register of actions dated June 30, 2003, five copies of a statement of facts explaining the reasons for delay, four additional copies of all appendices that were originally filed with this Court, and a proof of service that appellant sent a copy of the conforming application and a copy of the statement of facts explaining the reasons for delay to the prosecutor. Dismissal is without prejudice to whatever other relief may be available consistent with the court rules.

Plaintiff requests a declaratory judgment against defendant Caruso for denying plaintiff physical access to the SMF and AMF law libraries because he was in administrative segregation, for denying assistance from a person trained in the law to prepare a pleading attacking his conviction, for implementing the "excite cite" system limiting access to five requested materials by providing the exact citation, by implementing a policy denying indigent prisoners loans for photocopying court required documents for delayed applications for leave to appeal, and by failing to properly train or supervise the defendants. Plaintiff requests that the court issue a declaratory judgment against defendant Birkett for implementing and enforcing a policy denying plaintiff access to the law library and a person trained in the law to attack plaintiff's conviction by filing a delayed application for leave to appeal, implementing the "exact cite" system, and implementing and enforcing a policy preventing law clerks and librarians from providing legal assistance. Plaintiff

requests a similar declaratory judgment against defendants Raddatz, Bouchard and Aho for enforcing a policy which denied plaintiff meaningful access to the courts while plaintiff was challenging his conviction, by implementing the "exact cite" system, by enforcing a policy which denied plaintiff loans for photocopies, and by denying plaintiff's request for photocopies. Plaintiff requests one million dollars in compensatory damages and one million dollars in punitive damages against each defendant.

Defendants move to dismiss this case for lack of exhaustion of administrative grievance remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must make particularized averments as necessary for the district court to determine what, if any, claims have

been exhausted or what has been done in an attempt to exhaust the claims. *Id.* In addition, a prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006)*; Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.")

More recently, the United States Supreme Court ruled that an untimely grievance filing fails to satisfy the exhaustion requirement. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006)*,* the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Plaintiff James Woodford, a California prisoner, filed a § 1983 action against prison officials challenging restrictions on his participation in several Catholic observances. Approximately six months later, plaintiff filed a grievance challenging those restrictions. Plaintiff's grievance, however, was rejected as untimely because it was not filed within 15 working days of the action being challenged. *Id.* at 2383-84. Plaintiff appealed the grievance internally without any success

and subsequently sued the prison officials in federal district court. The district court granted defendants' motion to dismiss because plaintiff failed to exhaust his administrative remedies under § 1997e(a) by filing an untimely grievance. The Ninth Circuit Court of Appeals reversed, holding that plaintiff had exhausted administrative remedies because no such remedies were available to him. Noting that the Ninth Circuit's decision was consistent with the Sixth Circuit's decision in *Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003), but conflicted with four other circuits, the Supreme Court granted certiorari to address the conflict. *Id.* at 2384. In *Thomas,* 337 F.3d at 733, the Sixth Circuit held that "a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted his available administrative remedies under 42 U.S.C. § 1997e(a), regardless of whether the prisoner complied with the grievance system's procedural requirements" such as timeliness.

The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted."* 42 U.S.C. § 1997(e)(a) (emphasis added). The Court evaluated the doctrine of exhaustion under both administrative and habeas law, finding that the PLRA exhaustion requirement requires proper exhaustion. *Woodford,* 126 S. Ct. 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. Efforts by prisoners to circumvent the prison grievance proceedings, *i.e.* by filing a grievance late, and proceeding directly to federal district court, are thereby thwarted. *Id.* at 2388. Accordingly, the

Court reversed the decision of the Ninth Circuit, holding that plaintiff failed to exhaust his administrative remedies because his grievance was untimely. *Id.* at 2393.

Plaintiff has attached numerous copies of grievance filings to his complaint. In some instances, plaintiff has failed to name any of the defendants in the grievance, and in other examples plaintiff has failed to show that he submitted grievances at each level of the process. Some copies of grievances attached to the complaint are not legible. In addition some grievances show that they were dismissed as untimely or duplicative. One grievance, however, shows that plaintiff exhausted claims against defendants Caruso, Luoma, Bouchard and Aho. In grievance AMF 04110311627B, plaintiff alleges that he was denied necessary photocopies by these defendants for his application for leave to appeal his conviction under an unconstitutional policy. The grievance was initially rejected because plaintiff could "not grieve the content of administrative rules, policy/procedure or Director's Office Memoranda." Plaintiff appealed this issue, despite presenting a nongrievable issue, to Step III which upheld the denial of the grievance.

Plaintiff has not presented a properly submitted or exhausted grievance against defendants Birkett or Raddatz. Accordingly, it is recommended that those defendants be dismissed from this action without prejudice. Defendants argue that this case should be dismissed under the total exhaustion rule. Defendants argue that the total exhaustion rule requires the dismissal of the entire complaint since the court has already dismissed plaintiff's other claims for failure to show exhaustion. *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). However, another panel of the Sixth Circuit has more recently held that *Jones-Bey* was improperly decided. In *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006), the court held that the "partial exhaustion rule" is the law of this circuit requiring the dismissal of only those claims that are unexhausted and allowing the case

to proceed on the exhausted claims. Since the Sixth Circuit is unable to affirmatively decide this issue, the safest course is to follow this newly established "partial exhaustion rule," until the Supreme Court hopefully resolves this issue later this term in *Williams v. Overton*, 126 S.Ct. 1463 (2006); *Jones v. Bock*, 125 S.Ct. 1462 (2006).

It is recommended that defendants' motion to dismiss (Docket #20) be granted in part, dismissing defendants Birkett and Raddatz, and dismissing all claims except plaintiff's claim against defendants Caruso, Luoma, Bouchard and Aho for an unconstitutional policy causing the denial of photocopies that were necessary to support his delayed application for leave to appeal .

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 11, 2007