UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY JACKSON,

    Plaintiff,

v.                                              Case No. 2:06-cv-04
                                                   HON. GORDON J. QUIST

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from plaintiff and defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

Defendants assert that plaintiff failed to exhaust his grievance remedies. The Magistrate Judge in his Report and Recommendation concluded that plaintiff failed to specifically name defendants Birkett or Raddatz in a Step I grievance. It is clear, however, that the issues raised by plaintiff were exhausted. The United States Supreme Court recently held that exhaustion is an affirmative defense, and the burden is not on the prisoner to prove he exhausted his grievance remedies. *Jones v. Bock*, ____ S. Ct. ____, 2007 WL 135890 (Jan. 22, 2007). In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." The Supreme Court rejected a finding that the

PLRA requires a prisoner to specifically name defendants in their grievances. Rather, the Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. Accordingly, exhaustion is satisfied if plaintiff complied with the grievance procedures of the Michigan Department of Corrections. Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.

Defendants assert that grievance AMF 04110311627B was not a proper grievance because it presented a nongrievable issue. If it is true that an issue presented by plaintiff is not grievable and there exists no procedure available to exhaust the grievance, then a prisoner does not have to file a grievance to assert a lawsuit on the issue. A prisoner only needs to exhaust available grievance remedies. If, indeed, plaintiff should have complained to the Warden's Forum, it is defendants' burden to show that plaintiff failed to make such a complaint. Defendants have not satisfied that burden.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #34) is REJECTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Docket #20) is DENIED.


Dated: February 16, 2007                                    /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE