UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY JACKSON,

   Plaintiff,

                 Case No. 2:06-cv-04
v.                 HON. GORDON J. QUIST

PATRICIA L. CARUSO, et al.,

   Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AS MODIFIED

  The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on February 12, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from both Defendants and Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

  Plaintiff filed this 42 U.S.C. § 1983 claim against Defendants alleging that he was denied access to the courts in violation of the First Amendment. In his report and recommendation, the magistrate concluded that some of Plaintiff's claims were not exhausted. For the claims that were exhausted, the magistrate concluded that a genuine issue of material fact precluded summary judgment in Defendant's favor. Plaintiff objects to the magistrate's conclusion that some of his claims were not exhausted, and Defendants object that they are entitled to summary judgment. Because Defendants are entitled to summary judgment, the Court finds it unnecessary to assess whether Plaintiff exhausted his administrative remedies.

Plaintiff claims that Defendants denied him access to a legal writer, denied him necessary photocopies, and denied him sufficient law library time in violation of the right of access to the courts. "[T]he right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources." *Thomas v. Rochell*, 47 F.App'x 315, 317 (6th Cir. 2002). To state a claim, the prisoner must show "that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants." *Id.* However, "not every actual legal injury or prejudice suffered by a prisoner triggers constitutional concerns." *Id.* "[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X*, 175 F.3d at 391. This is because "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182 (1996) (emphasis in original).

Plaintiff claims that Defendants' actions prejudiced his application for leave to appeal in the Michigan Court of Appeals a decision of the Wayne County Circuit Court denying his motion for relief from judgment. The Michigan Court of Appeals notified Plaintiff that his application for leave to appeal was defective on December 23, 2003, because it did not contain a sufficient number of copies and because his brief exceeded page limitations. The order provided Plaintiff with 21 days to correct the defects in his application. On February 6, 2004, Plaintiff's application for leave to appeal was dismissed without prejudice due to Plaintiff's failure to correct the identified deficiencies. Plaintiff filed a motion for reconsideration, and on March 5, 2004, the Michigan Court of Appeals denied Plaintiff's motion because he failed to cure the outstanding defects when he filed his motion. The Michigan Supreme Court subsequently denied Plaintiff's appeal.

Plaintiff was provided the photocopies he requested on or before January 22, 2004. Therefore, Defendants argue that because Plaintiff had been given the requested photocopies prior to the issuance of the Michigan Court of Appeals' February 6, 2004, decision, Plaintiff could have cured the defect. Thus, Defendants argue, Plaintiff did not suffer actual injury to his application for leave to appeal as a result of Defendants' conduct. The Court agrees with Defendants that Plaintiff did not suffer injury as a result of Defendants' actions. Plaintiff was given the requested photocopies on or before January 22, 2004, and he could have cured the defects prior to the February 6, 2004, order dismissing his application. Likewise, Plaintiff could have provided the necessary documents when he filed his motion for reconsideration. Additionally, Plaintiff has not shown how Defendants' actions in allegedly denying him sufficient law library time or the services of a legal assistant prejudiced his application for leave to appeal. Furthermore, as noted by the magistrate, Plaintiff's claims regarding incidents occurring on October 29, 2002, and October 30, 2002, are barred by the statute of limitations. Finally, Plaintiff's motion for default judgment is properly denied. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge is approved and adopted as modified by the opinion of the court and Defendants' motion for summary judgment (docket #44) is **GRANTED** and this action is dismissed in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (docket #42) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255

- 4 -

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:  March 26, 2008                              /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE